UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                                 |
ESSROC CEMENT CORP.,                             |
a Pennsylvania corporation, f/k/a Essroc Materials, Inc.,  |   Case No. 1:08-cv-974
                                                 |
    Plaintiff,                   |   HONORABLE PAUL L. MALONEY
                                                 |
       v.         |
                                                 |
CPRIN, INC., a Michigan corporation,             |
d/b/a CPR Indiana, Inc.;                         |
CP RECYCLING, INC., a Michigan corporation;      |
                                                 |
    Defendants.                 |
                                                 |
_____|

## Order

**Denying As Moot the Defendants' Motion to Dismiss the Original Complaint**

This is a diversity breach-of-contract and tort action. Plaintiff Essroc Cement Corporation formerly known as Essroc Materials, Inc. ("Essroc") filed the original complaint on October 17, 2008 against CPR Indiana, Inc., which does business as CPRIN, and CP Recycling Inc. (collectively "CP" because they are allegedly one entity in practice), Paul Knowlson ("Knowlson", the owner of both companies), and Carol Knowlson, whose relationship to the CP companies and Paul Knowlson is not specified. *See* Original Complaint filed Oct. 17, 2008 ("Comp") ¶¶ 1-6 and 14.

Essroc applied for a temporary restraining order ("TRO") and a preliminary injunction ("PI") on October 28, 2008 and the defendants jointly filed an opposition brief on October 29. Without hearing oral argument, the court denied Essroc's application for a TRO and PI by opinion and order issued November 3, 2008, document #15. *See Essroc Cement Corp. v. CPRIN, Inc. et al.*, No. 1:2008-cv-794, – F. Supp.2d –, –, 2008 WL ----,. *— (W.D. Mich. Nov. 3, 2008) (Maloney, C.J.).

On November 14, 2008, the defendants filed a motion to dismiss the original complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim.

On January 13, 2009, Essroc filed the first amended complaint. Because the defendants had not yet filed a responsive pleading,[1] Essroc was entitled to amend its complaint as of right, without leave of court or opposing counsel. *See Rogers v. AK Steel Corp.*, 1998 WL 1753590, *2 (S.D. Ohio Apr. 16, 1998) ("'A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .'") (quoting FED. R. CIV. P. 15(a)); *McCready v. Michigan State Bar Standing Committee on Character & Fitness*, 926 F. Supp. 618, 620 (W.D. Mich. 1995) (McKeague, J.) ("Plaintiff was entitled to file his amended complaint as of right under Fed. R. Civ. P. 15(a), because defendant had failed to file an answer to his original complaint."), *aff'd o.g.*, 1996 WL 637484 (6th Cir. Nov. 4, 1996).

Accordingly, the court accepted Essroc's first amended complaint for filing.

"'[O]nce accepted, an amended complaint replaces the original.'" *Malik v. AT&T Mobility, LLC*, 2008 WL 4104555, *3 (W.D. Mich. Aug. 29, 2008) (Maloney, C.J.) and *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007) (Maloney, J.) (both quoting *FL Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part & dissenting in part

---

[1] "Cases uniformly hold that a 'responsive pleading' is solely one of the pleadings mentioned in Rule 7(a) – [such as an answer –] other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice" under Rule 15(a). *PNC Secs. Corp. v. Finanz Liedgens GMBH*, 1996 WL 665574, *6 (6th Cir. Nov. 14, 1996) (citing, *inter alia*, *Kroger Co. v. Adkins Transfer Co.*, 408 F.2d 813 (6th Cir. 1969) and *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir. 1947)).

*See, e.g., Wingert v. JPMorgan Chase Bank*, 537 F.3d 565, 574 (6th Cir. 2008) ("A motion to dismiss is not considered a responsive pleading under Rule 15(a).") (citing *Ohio Cas. Ins. Co. v. Farmers Bank of Clay*, 178 F.2d 570, 573 (6th Cir. 1949)), *reh'g en banc denied* (Oct. 28, 2008); *Friske v. Scutt*, 2008 WL 4857963, *1 (E.D. Mich. Nov. 6, 2008) (Hluchaniuk, M.J.) ("Here, defendants have not filed a responsive pleading; rather, they have only filed a motion for summary judgment."), *order aff'd*, 2008 WL 5211613 (E.D. Mich. Dec. 11, 2008) (Rosen, D.J.).

*Accord Denney v. Nelson*, – F. App'x –, –, 2009 WL 26718, *3 (11th Cir. Jan. 6, 2009) (quoting *Brewer-Giorgio v. Producers' Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)).

o.g., joined by Powell, Rehnquist, & O'Connor, JJ.)). The filing of the amended complaint "render[s] the original complaint null and void . . . ." *Malik*, 2008 WL 4104555 at *3 (quoting *Vadas v. US*, 527 F.3d 16, 22 n.4 (2d Cir. 2007) (adopting party's quotation from district court decision)). *See also B&H Med., LLC v. ABP Admin, Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (quoting *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (Suhrheinrich, J.) and citing 6 Wright, Miller & Kane, FED. PRAC. & PROC. § 1476 (2d ed. 1990)).[2]

Because the original "complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of [the] claims . . . asserted therein." *Van Vels v. Betten*, 2007 WL 2461933, *1 (W.D. Mich. Aug. 27, 2007) (Maloney, J.) (citing *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) ("If these . . . superseded May's original amended complaint, the present appeal would be moot because there would no longer be a live dispute over whether Sheahan is entitled to qualified immunity based on the allegations in the Amended Complaint.")).

Therefore, any motion to dismiss such claims is moot. *See Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (Maloney, C.J.) (citing *Cedar View, Ltd. v. Colpetzer*, 2006 WL 456482, *5 (N.D. Ohio Feb. 24, 2006) (Aldrich, J.) (the "earlier motion[s] to dismiss . . . are denied as moot, as they refer to a version of the complaint that has since been replaced . . . .") and *Ky. Press Ass'n, Inc. v. Ky.*, 355

---

[2]

*Accord Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (**1st Cir.** 2007) ("[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case.") (citation omitted); *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (**4th Cir.** 2001); *Swanson v. Perez*, 250 F. App'x 596, 597 (5th Cir. 2007) (quoting *King v. Dogan*, 31 F.3d 344, 346 (**5th Cir.** 1994)); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (**8th Cir.** 2000); *Enderwood v. Sinclair Broadcast Group, Inc.*, 233 F. App'x 793, 800 (**10th Cir.** 2007) (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991)).

*See, e.g., General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (8th Cir.) ("Kraft had filed a counterclaim to General Mills' original complaint, but that complaint was superseded by General Mills' amended complaint, and at the time the district court entered judgment, Kraft had not filed an amended answer re-pleading the counterclaim."), *clarified on panel reh'g o.g.*, 495 F.3d 1378 (8th Cir. 2007).

F. Supp.2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)), *app. dis.*, 454 F.3d 505 (6th Cir. 2006)).³

## ORDER

Accordingly, the defendants' motion to dismiss the original complaint [**docket # 17**] is **DENIED without prejudice as moot**.

**IT IS SO ORDERED** this 20th day of January 2009.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

³

*See also ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (**S.D. Ohio** Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot . . . ."); *Weiss v. Astella Pharma US, Inc.*, 2006 WL 1285406, *1 n.1 (**E.D. Ky.** May 10, 2006) (following amendment, motions to dismiss were moot).

*Accord Professional Locate v. Prime, Inc.*, 2007 WL 1624792, *5 (**S.D. Ala.** June 4, 2007) ("Leave to Amend . . . is granted. * * * Elliott's motion to dismiss for lack of personal jurisdiction . . . is now moot because it relates to a superseded complaint . . . ."); *Tatum v. R.J. Reynolds Tobacco Co.*, 2007 WL 1612580, *4 (**M.D.N.C.** May 31, 2007) ("Because the First Amended Complaint was superseded by the Second Amended Complaint, all other pending motions were denied as moot."); *Busch v. Williams*, 2007 WL 2254939, *2 (**N.D. Tex.** Feb. 7, 2007) ("[G]ranting Busch leave to amend effectively moots defendants' motions to dismiss – which are addressed to a . . . petition that will be superseded . . . ."); *Peeples v. Beneficial Nevada, Inc.*, 2006 WL 3228421, *1 (**D. Nev.** Nov. 3, 2006) ("Because Plaintiff's amended complaint supersedes the original complaint in its entirety, *see London* . . . (**9th Cir.** 1981), [the] Motion to Dismiss Plaintiff's original complaint is moot.").